IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 13-0580-WS-B |
| | ) |
| JAMES A. YANCE, JR., et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 15). Default has previously been entered against both defendants. (Doc. 14). Because they have not appeared, they are not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2). The complaint reflects the existence of diversity jurisdiction. (Doc. 1, ¶¶ 3-6).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint, (Doc. 1), alleges that the bank or its predecessor loaned the individual defendant ("Yance") $69,963.21 under a line-of-credit agreement,

which amount is presently due and owing. The complaint further alleges that the entity defendant ("Acquisitions") executed a promissory note in favor of the plaintiff or its predecessor, that Yance executed a continuing guaranty of the debt, and that the loan is in default. The complaint alleges that the plaintiff has fully performed its obligations under the parties' agreements. Count One is a claim against Yance for breach of the line-of-credit agreement; Count Two includes a claim against Acquisitions for breach of the note and against Yance for breach of the guaranty. There is no question but that these allegations actually state causes of action and that the complaint contains a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. Fed. R. Civ. P. 55(b)(2). Here, the plaintiff has established by affidavit that the individual defendants are neither. (Doc. 13, Matthews Affidavit, ¶ 6).

As to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(a), (b). The plaintiff has not done so. Accordingly, default judgment against Yance cannot be entered at this time. On the assumption the plaintiff will rectify this deficiency, the Court proceeds to consider the size of the judgment to be entered.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on

default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a line-of-credit agreement, a note and a guaranty, all of which have been submitted along with affidavits from the plaintiff's representative and an attorney, and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint demands recovery on the line-of-credit agreement, note and guaranty of the entire principal balance (set forth), plus interest, attorney's fees and expenses. (Doc. 1 at 5). The motion for default judgment seeks the same principal balance, plus interest, attorney's fees and expenses. (Doc. 15 at 3). The plaintiff's requested default judgment thus does not violate Rule 54(c).

The plaintiff seeks recovery of incurred attorney's fees and expenses of $5,056.50. The line-of-credit agreement, note and guaranty provide for recovery of costs and expenses of enforcement, including attorney's fees. The submitted billing records and lawyer's affidavit reflect that the time and expenses billed were actually and reasonably incurred and are reasonable in amount.

In summary, the plaintiff is entitled to judgment against Yance in the requested amount of $244,887.46 and against Acquisitions in the requested

amount of $170,962.28.  However, before the plaintiff's motion may be granted or judgment entered, the plaintiff must comply with 50 U.S.C. app. § 521.  The plaintiff is **ordered** to do so on or before **January 29, 2014**.

DONE and ORDERED this 22nd day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE